UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TEXTRON FINANCIAL CORPORATION

CA 08 020 ML

v.

CA NO. 2007-____

VISTA INTERNATIONAL DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; THE JACKSON FOUR, A CALIFORNIA GENERAL PARTNERSHIP; PRINCE BARDO BRANTLEY; SANDRA BRANTLEY; FRANK RAMOGIDA; EDWARD POWELL

## COMPLAINT

### Parties

1. Textron Financial Corporation ("TFC") is a Delaware corporation with its principal place of business in Providence, Rhode Island.

2. Vista International Development ("Vista") is a general partnership organized under the laws of the State of California with its principal place of business in Jackson, Tennessee.

3. During the period of time pertinent to this Complaint, the partners of Vista have been Prince Bardo Brantley, Sandra Brantley, Frank Ramogida, and Edward Powell.

4. The Jackson Four ("Jackson 4") is a general partnership organized under the laws of the State of California with its principal place of business in Jackson, Tennessee.

5. During the period of time pertinent to this Complaint, the partners of Jackson 4 have been P. Brantley, Frank Ramogida, and Edward Powell.

6. Prince Bardo Brantley ("P. Brantley") is a resident of Palm Desert, California, and a citizen of the State of California for purposes of 28 U.S.C. § 1332.

7. Sandra Brantley ("S. Brantley") is a resident of Palm Desert, California, and a citizen of the State of California for purposes of 28 U.S.C. § 1332.

8. Frank Ramogida is a resident of Los Angeles, California, and a citizen of the State of California for purposes of 28 U.S.C. § 1332.

9. Edward Powell is a resident of Mission Viejo, California, and a citizen of the State of California for purposes of 28 U.S.C. § 1332.

**Jurisdictional Statement**

10. The Court has jurisdiction in this matter under Title 28, section 1332(a)(1) of the Judicial Code, as the citizenship of the plaintiff differs from that of each of the defendants, and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

**Factual Allegations**

11. Vista is a California general partnership formed for the purpose of developing residential real estate in Jackson, Tennessee ("Jackson Property").

12. At the time of its formation in July of 2003, the partners of Vista were defendants Frank Ramogida, Edward Powell, and Prince Bardo Brantley.

13. In October of 2005, Sandra Brantley became a partner in Vista by assignment of the partnership interests of Ramogida and Powell.

14. On or about June 2, 2004, TFC entered into a financing arrangement with Vista pursuant to the terms of a Builder Security Agreement and a Finance Plan, copies of which are attached as Exhibits A and B respectively. The Builder Security Agreement and Finance Plan are referred to hereafter as the "Loan Agreement."

15. In order to induce TFC to lend money to Vista, Jackson 4, P. Brantley, Ramogida and Powell each executed and delivered to TFC their guaranties of the obligations of any and all obligations of Vista to TFC, including without limitation those arising under the Loan Agreement. Copies of those Guaranties are attached as Exhibits C (Jackson 4), D (P. Brantley), E (Ramogida), and F (Powell).

16. On or about May 26, 2005, TFC established a construction loan providing for advances to Vista of up to $ 87,399 for development of property located at 127 Regency Drive in Jackson, in return for which Vista executed and delivered to TFC its promissory note in that amount ("Regency Note"). A copy of the Regency Note is attached as Exhibit G.

17. On or about August 30, 2005, TFC established a construction loan providing for advances to Vista of up to $ 75,254 for development of property located at 8 Lewis T. Brantley Drive in Jackson, in return for which Vista executed and delivered to TFC its promissory note in that amount ("Lewis Brantley Note"). A copy of the Lewis Brantley Note is attached as Exhibit H.

18. On or about February 17, 2006, TFC established a construction loan providing for advances to Vista of up to $1,131,200 for development of eighteen townhouses on property known as the Wingate subdivision in Jackson, in return for which Vista executed and delivered to TFC its promissory note in that amount ("Wingate Note"). A copy of the Wingate Note is attached as Exhibit I.

19. On or about June 7, 2007, at Vista's request, TFC increased the principal amount available under the Wingate Note to up to $1,278,400.

20. TFC advanced to Vista in excess of $1,400,000 pursuant to the terms of the three Notes and the Loan Agreement.

21. Vista failed to pay TFC as agreed.

22. In November of 2007, TFC notified Vista and the guarantors that Vista was in default of its obligations under the Notes and Loan Agreement, and demanded that the amounts then overdue be paid on or before November 30, 2007.

23. Vista failed to pay the overdue amounts.

24. As a consequence, TFC accelerated all of Vista's outstanding indebtedness.

25. The Defendants have failed to pay the balance due from Vista to TFC.

26. The failure of Vista to pay the outstanding balance owed to TFC is a breach of its contract with TFC, and TFC has suffered damages by reason of the breach.

27. The failure of Jackson 4 to pay the outstanding balance owed to TFC is a breach of its contract with TFC, and TFC has suffered damages by reason of the breach.

28. The failure of P. Brantley to pay the outstanding balance owed to TFC is a breach of his contract with TFC, and TFC has suffered damages by reason of the breach.

29. The failure of P. Brantley to pay the outstanding balance owed to TFC is a breach of his obligations to TFC as a general partner of Vista, and TFC has suffered damages by reason of the breach.

30. The failure of P. Brantley to pay the outstanding balance owed to TFC is a breach of his obligations to TFC as a general partner of Jackson 4, and TFC has suffered damages by reason of the breach.

31. The failure of S. Brantley to pay the outstanding balance owed to TFC is a breach of her obligations to TFC as a general partner of Vista, and TFC has suffered damages by reason of the breach.

32. The failure of Ramogida to pay the outstanding balance owed to TFC is a breach of his contract with TFC, and TFC has suffered damages by reason of the breach.

33. The failure of Ramogida to pay the outstanding balance owed to TFC is a breach of his obligations to TFC as a general partner of Vista, and TFC has suffered damages by reason of the breach.

34. The failure of Ramogida to pay the outstanding balance owed to TFC is a breach of his obligations to TFC as a general partner of Jackson 4, and TFC has suffered damages by reason of the breach.

35. The failure of Powell to pay the outstanding balance owed to TFC is a breach of his contract with TFC, and TFC has suffered damages by reason of the breach.

36. The failure of Powell to pay the outstanding balance owed to TFC is a breach of his obligations to TFC as a general partner of Vista, and TFC has suffered damages by reason of the breach.

37. The failure of Powell to pay the outstanding balance owed to TFC is a breach of his obligations to TFC as a general partner of Jackson 4, and TFC has suffered damages by reason of the breach.

38. As of December 31, 2007, the outstanding balance due to TFC from each of the defendants was $ 1,450,797.87, inclusive of accrued interest and late charges as of that date, but excluding attorneys fees and other costs of collection. Interest continues to accrue on the principal balance at a variable rate calculated monthly in arrears.

Wherefore, TFC requests that the Court enter judgment in its favor and against the defendants, jointly and severally in the amount of $ 1,450,797.87, plus additional interest, costs, and attorneys fees as provided by contract and as allowed by R.I.G.L. § 9-1-45.

**Textron Financial Corporation**
By its Attorneys,

John P. Gyorgy 3560
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com

January 15, 2008