TEXTRON FINANCIAL

Textron Financial Corporation, Subsidiary of Textron Inc.

# NOTE

$75,254.00

August 30, 2005

FOR VALUE RECEIVED, the undersigned (if more than one, jointly and severally) promises to pay to the order of TEXTRON FINANCIAL CORPORATION (hereinafter called the "Lender," which term shall include any holder hereof), at such place as the Lender may designate or, in the absence of such designation, at the Lender's office located at 11575 Great Oaks Way, Suite 210, Alpharetta, Georgia 30022, the sum of Seventy Five Thousand, Two Hundred Fifty Four and NO/100 Dollars ($75,254.00), or so much thereof as shall have been advanced by the Lender at any time and not thereafter repaid (hereinafter referred to as "Principal Sum"), together with interest as set forth in the Loan Agreement (as defined below) and payable at the time and in the manner set forth in the Loan Agreement. The proceeds of the loan evidenced hereby may be advanced, repaid and readvanced in partial amounts during the term of this note (this "Note") and prior to maturity. Each such advance shall be made to the undersigned upon receipt by the Lender of the application by the undersigned therefor and disbursement instructions, which shall be in such form as the Lender shall from time to time prescribe. The Lender shall be entitled to rely on any oral or telephonic communication requesting an advance or providing disbursement instructions hereunder, which shall be received by it in good faith from anyone reasonably believed by the Lender to be the undersigned, or the authorized agent of the undersigned. The undersigned agrees that all advances made by the Lender will be evidenced by entries made by the Lender into its electronic data processing system and/or internal memoranda maintained by the Lender. The undersigned further agrees that the sum or sums shown on the most recent printout from the Lender's electronic data processing system and/or on such memoranda shall be rebuttably presumptive evidence of the amount of the Principal Sum and of the amount of any accrued interest.

This Note is executed and the advances contemplated hereunder are to be made pursuant to a Builder Security Agreement by and between the undersigned and the Lender dated June 4, 2004, a Finance Plan by and between the undersigned and the Lender dated June 2, 2004, and all amendments, modifications, and supplements thereto from time to time, and any such ancillary documents as may be required by Lender (hereinafter, together with all agreements and instruments securing the same, collectively called the "Loan Agreement"), and all the covenants, representations, agreements, terms, and conditions contained therein, including but not limited to additional conditions of default, are incorporated herein as if fully rewritten. Terms defined in the Loan Agreement and not otherwise defined herein are used herein with the meanings ascribed to such terms in the Loan Agreement.

## INTEREST

Interest will accrue on the unpaid balance of the Principal Sum at the rate set forth in the Loan Agreement. In addition, upon the occurrence of an Event of Default, interest will accrue on the unpaid balance of the Principal Sum at the Default Rate.

## MANNER OF PAYMENT

The Principal Sum shall be due and payable as set forth in the Loan Agreement, and at maturity, whether by acceleration or otherwise. Accrued interest shall be due and payable as set forth in the Loan Agreement.

## LATE CHARGE

Any installment or other payment not made according to the terms of the Loan Agreement shall be subject to a late payment fee, as set forth in the Loan Agreement. The undersigned agrees that the late payment fee is not

Exhibit H

imposed as a charge for the use of money, but is imposed by the Lender to compensate the Lender for its additional expenses in administering delinquent loans.

SECURITY

This Note is secured by the security interests, assignments, and mortgages granted or referenced in the Loan Agreement, including, without limitation, a mortgage or deed of trust encumbering certain property located in Madison County, State of Tennessee.

DEFAULT

Upon the occurrence of any of the following events:

(a) the undersigned fails to make any payment of interest or of the Principal Sum on or before the date such payment is due;

(b) an "Event of Default" under the Loan Agreement shall have occurred;

then the Lender may, at its option, without notice or demand, accelerate the maturity of the obligations evidenced hereby, which obligations shall become immediately due and payable. In the event the Lender shall institute any action for the enforcement or collection of the obligations evidenced hereby, the undersigned agrees to pay all costs and expenses of such action, including reasonable attorneys' fees, to the extent permitted by law.

GENERAL PROVISIONS

The undersigned represents and warrants that the loan evidenced by this Note is a commercial loan and is not primarily for personal, family, household or agricultural purposes.

The undersigned, and any indorser, surety, or guarantor, hereby severally waives presentment, notice of dishonor, protest, notice of protest, and diligence in bringing suit against any party hereto, waives the defenses of impairment of collateral for the obligation evidenced hereby, impairment of a person against whom the Lender has any right of recourse, and any defenses of any accommodation maker and consents that without discharging any of them, the time of payment and any other provision of this Note may be extended or modified an unlimited number of times before or after maturity without notice to the undersigned. The undersigned agrees that it will pay the obligations evidenced hereby, irrespective of any action or lack of action on the Lender's part in connection with the acquisition, perfection, possession, enforcement, disposition, or modification of all the obligations evidenced hereby or any and all security therefor, and no omission or delay on the Lender's part in exercising any right against, or taking any action to collect from or pursue the Lender's remedies against any party hereto will release, discharge, or modify the duties of the undersigned to make payments hereunder. The undersigned agrees that the Lender, without notice to or further consent from the undersigned, may release or modify any collateral, security, document or other guaranties now held or hereafter acquired, or substitute other collateral, security or other guaranties, and no such action will release, discharge or modify the duties of the undersigned hereunder. The undersigned agrees that the Lender will not be required to pursue or exhaust any of its rights or remedies against the undersigned or any guarantors of the obligations evidenced hereby with respect to the payment of any said obligations, or to pursue, exhaust or preserve any of the Lender's rights or remedies with respect to any collateral, security or other guaranties given to secure said obligations. The undersigned waives any claim or other right which it might now have or hereafter acquire against any other person or entity that is primarily or contingently liable on the obligations that arise from the existence or performance of the undersigned's obligations under this Note, including, without limitation, any right of subrogation, reimbursement, exoneration, contribution, indemnification, or any right to participate in any claim or remedy of the Lender or any collateral security which the Lender now has or hereafter acquires, whether such claim, remedy or right arises in equity, under contact or statute, at common law, or otherwise.

The obligations evidenced hereby may from time to time be evidenced by another note or notes given in substitution, renewal or extension hereof. Any security interest or mortgage which secures the obligations evidenced hereby shall remain in full force and effect notwithstanding any such substitution, renewal, or extension.

The captions used herein are for references only and shall not be deemed a part of this Note. If any of the terms or provisions of this Note shall be deemed unenforceable, the enforceability of the remaining terms and provisions shall not be affected. This Note shall be governed by and construed in accordance with the law of the State of Rhode Island.

WAIVER OF RIGHT TO TRIAL BY JURY

THE UNDERSIGNED HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (1) ARISING UNDER THIS NOTE OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR (2) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE UNDERSIGNED OR THE LENDER WITH RESPECT TO THIS NOTE OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND THE UNDERSIGNED HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT THE UNDERSIGNED OR THE LENDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE UNDERSIGNED TO THE WAIVER OF THE RIGHT OF THE UNDERSIGNED TO TRIAL BY JURY.

The undersigned hereby executes this Note as of the date first set forth above.

*If Borrower or Co-Borrower Is An Entity:*

Vista International Development

By: [signature]

Print Name: P. Bardo Brantley

Print Title: Partner

*If Borrower or Co-Borrower Is An Individual:*

Print Name: [signature]

STATE OF TENNESSEE

COUNTY OF Madison

The foregoing instrument was acknowledged before me this August 30, 2005 (date) by P. Bardo Brantley (name of person acknowledged).

[signature]

Notary Public

Print Name: H. Jack Holmes

My commission expires: May 18, 2008

H. JACK HOLMES STATE OF TENNESSEE NOTARY PUBLIC MADISON COUNTY