**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**TEXTRON FINANCIAL CORPORATION**

v.

**C.A. No.: 08 – 020ML**

**VISTA INTERNANTIONAL DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, THE JACKSON FOUR, A CALIFORNIA GENERAL PARTNERSHIP, PRINCE BARDO BRANTLEY; SANDRA BRANTLEY, FRANK RAMOGIDA; AND EDWARD POWELL**

**v.**

**ALL AMERICAN HOMES, LLC. AND COACHMEN INDUSTRIES**

## THIRD PARTY COMPLAINT

1. Third Party Plaintiff, Vista International Development ("Vista") is a general partnership organized under the laws of the State of California with its principal place of business in Jackson, Tennessee.

2. Third Party Plaintiff, Prince Bardo Brantley ("P. Brantley) is a general partner of Vista International Development, a resident of Palm Desert, California, and a citizen of the State of California for purposes of 28 U.S.C. 1332.

3. Textron Financial Corporation is a Delaware corporation with its principal place of business in Providence, Rhode Island.

4. All American Homes, LLC ("All American") is a limited liability corporation organized under the laws of the State of Tennessee.

5. Coachmen Industries ("Coachmen") is a publicly traded corporation on Wall Street that manufactures recreational vehicles and is the parent company of All American.

6.. Can third Party Plaintiffs had plans to build 18 residential single family town homes in Jackson, Tennessee using prefabricated modular panels built by All American Homes, LLC. ("All American")

7. Vista and P. Brantley obtained their construction loan financing from Textron to pay for the modular boxes built by All American.

8. Vista and P. Brantley borrowed from Textron solely because All American strongly suggested that Vista and P. Brantley use Textron for their construction financing and because All American gave Vista and P. Brantley financing incentives to use Textron.

9. All American prepared plans and specifications for the modular panels it would deliver to Third Party Plaintiffs, and said plans and specifications were stamped and approved by State and local building officials in Jackson, Tennessee, as well as by All American's own engineer, T. R. Arnold & Associates.

10. The plans and specifications required two separate 1 hour rated fire walls with an air space between them dividing the units.

11. Third Party Plaintiffs built the foundations for the housing units in question.

12. All American delivered the modular units and set them down on the foundations using cranes. There were five boxes per building.

13. All American Homes proceeded to connect the modular units to the foundations. Third Party Plaintiffs performed the finish work to complete the homes.

14. Before all the homes could be completed, local building officials determined that All American had not built the modular units in accordance with the specifications approved by the State engineer and City of Jackson building officials, which specifications had also been stamped and approved by All American's own engineer.

15. The units constructed by All American did not have the two 1 hour walls with an air space between them dividing the units. Consequently the housing units did not meet the fire code for single family occupancy.

16. The failure to comply with the fire code for single family occupancy was a direct result of the negligence and breach of contract of All American.

17. The cost to cure the non compliance with the fire code to allow for single family occupancy was prohibitive and not economically justified, because it would require tearing down the walls that did not meet the fire code and replacing them with walls that did meet the fire code. Additionally, stairs, doors, fireplaces, and interior walls would also have to be demolished and rebuilt.

18. The failure to meet the fire code for single family occupancy presented the Third Party Plaintiffs with the risk of not being able to sell the housing units in a timely manner to be able to repay the construction loan to Textron.

19. Third Party Plaintiffs brought the non compliance with the fire code problem to the attention of All American and Textron at the same time, and Third Party Plaintiffs told them that what All American had built could not be used for its intended purpose, namely, single family housing.

20. Third Party Plaintiffs proposed to apply to have the units rezoned from single family to four plex apartment units. Third Party Plaintiffs would rent the units, and upon developing an income stream, refinance the project and repay Textron.

21. The moment the project became rezoned from single family units to apartment units the Third Party Plaintiffs' profits from the project would be reduced by approximately $400,000, because apartment units have less value than single family units.

22. Textron forbade Third Party Plaintiffs from attempting to rezone the project, thereby causing an untenable standstill in which can third Party Plaintiffs could not achieve occupancy of the units for single family occupancy or otherwise.

23. Textron's position of threatening to file suit, to foreclose and to repossess the property rather than permit Third Party Plaintiffs to rezone and refinance to repay Textron constituted bad faith on the part of Textron.

24. Every conference call Vista and P. Brantley ever had with Textron to attempt to resolve the problem of All American's fire code non compliance has involved both Textron and All American on the telephone with Vista and P. Brantley at the same time. There is absolute linkage between Textron and All American.

25. Textron and All American have had a longstanding mutually beneficial business relationship they wanted to protect and preserve to the detriment of Third Party Plaintiffs.

26. Similarly, Textron has had a long standing and extremely financially lucrative business relationship with All American's parent company, Coachmen Industries Textron and Coachmen wanted to protect and preserve their relationship with each other to the detriment of Third Party Plaintiffs.

27. High ranking officers of Coachmen Industries also participated in the telephone conference calls wherein Third Party Plaintiffs attempted to propose workable solutions to the fact that the housing units in question cannot be sold as single family units due to no fault of the Third Party Plaintiffs.

28. Textron's counter intuitive position of blocking any opportunity for Vista and P. Brantley to market the housing units in question arises out of a collusive agreement between Textron, All American and Coachmen Industries for Textron to wrongfully acquire Vista and P. Brantley's property, by using lawful means to accomplish an unlawful purpose.

29. Textron is further motivated to financially maim Vista and P. Brantley so that Vista and P. Brantley may not have the financial wherewithal to prosecute their Third Party Complaint against All American and Coachmen Industries.

30. Textron has filed a Complaint against Vista and P. Brantley alleging breach of contract arising out of Vista and P. Brantley's failure to repay construction loan financing to Textron in a timely manner.

31. Third Party Plaintiffs state that if they are found liable to Textron, the liability will have been brought about by the negligence of All American and Coachmen Industries and the collusive relationship they both have with Textron. Accordingly, and third Party Plaintiffs are entitled to indemnity and or contribution from All American and Coachmen Industries, as well as a setoff against the claims of Textron.

Wherefore, Third Party Plaintiffs Vista International Development and Prince Bardo Brantley demand indemnity and or contribution from Third Party Defendants All American Homes, LLC., and Coachmen Industries, for all sums that may be rendered in favor of Plaintiff, Textron against Vista and P. Brantley, along with a setoff against Textron Financial Corporation in an amount to be determined at the trial of this matter.

Third Party Plaintiffs demand trial by jury.

Third Party Plaintiffs, Vista International Development and Prince Bardo Brantley,
By their attorney,

Casby Harrison, III Bar No. 3054
Harrison Law Associates
807 Broad Street
Providence, RI 02907
401-467-2000 office
401-467-2001 fax
casby@casbyharrison.com

I hereby certify that I sent a copy of Third Party Plaintiffs' Complaint by regular mail to Plaintiff Textron's counsel, John P. Gyorgy, Noel & Gyorgy, LLP., 50 South Main Street, Providence, RI 02903 on Wednesday March 12, 2008.

Casby Harrison, III