UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TEXTRON FINANCIAL CORPORATION

v. CA NO. 2008-020 ML

VISTA INTERNATIONAL DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; THE JACKSON FOUR, A CALIFORNIA GENERAL PARTNERSHIP; PRINCE BARDO BRANTLEY; SANDRA BRANTLEY; FRANK RAMOGIDA; EDWARD POWELL

REPLY OF TEXTRON FINANCIAL CORPORATION TO COUNTERCLAIM OF VISTA INTERNATIONAL DEVELOPMENT AND PRINCE BARDO BRANTLEY

Textron Financial Corporation ("TFC") responds to the Counterclaim of Vista International Development ("Vista") and Prince Bardo Brantley as follows:

1. The allegations of paragraph 1 of the Counterclaim are admitted.
2. The allegations of paragraph 2 of the Counterclaim are admitted
3. To the extent that the allegations of paragraph 3 of the Counterclaim suggest a collusive relationship between TFC and All American Homes, LLC, they are denied. Plaintiff is otherwise without sufficient information to admit or deny the allegations of paragraph 3.
4. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 4 of the Counterclaim.
5. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 5 of the Counterclaim.
6. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 6 of the Counterclaim.
7. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 7 of the Counterclaim.
8. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 8 of the Counterclaim.

9. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 9 of the Counterclaim.
10. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 10 of the Counterclaim.
11. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 11 of the Counterclaim.
12. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 12 of the Counterclaim.
13. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 13 of the Counterclaim.
14. Admitted that defendants informed TFC of the code compliance issue mentioned in the allegation. Plaintiff is without sufficient information to admit or deny the remaining allegations of paragraph 14 of the Counterclaim.
15. Admitted that the defendants proposed to seek rezoning of the property in question and, in conjunction with that proposal they sought to delay repayment of the loan from TFC.
16. Plaintiff is without sufficient information to admit or deny the allegations of paragraph 16 of the Counterclaim.
17. The allegations of paragraph 17 of the Counterclaim are denied.
18. The allegations of paragraph 18 of the Counterclaim are denied.
19. The allegations of paragraph 19 of the Counterclaim are denied.
20. Admitted that TFC has loaned money to other builders who proposed projects using products to be purchased from All American. The allegations of paragraph 20 of the Counterclaim are otherwise denied.
21. Admitted that TFC has done business with Coachmen Industries since approximately 1989. The allegations of paragraph 21 of the Counterclaim are otherwise denied.
22. The allegations of paragraph 22 of the Counterclaim are denied.
23. The allegations of paragraph 23 of the Counterclaim are denied.
24. The allegations of paragraph 24 of the Counterclaim are denied.
25. The allegations of paragraph 25 of the Counterclaim are denied.

Wherefore, Textron Financial Corporation requests that judgment enter in its favor and against Vista International Development and Prince Bardo Brantley dismissing the Counterclaim, and awarding TFC its costs and a reasonable attorneys fee.

**Factual Allegations Pertaining to Affirmative Defenses**

1. On January 24, 2008, TFC filed an action against defendant Vista International Development in the General Sessions Court for the State of Tennessee located in Jackson, Tennessee ("Tennessee Litigation") seeking possession of the real estate securing its loan to Vista, due to Vista's default under the same promissory notes referenced in paragraphs 16 – 20 of TFC's Complaint in this case.

2. On March 10, 2008, a Stipulated Order was entered in the Tennessee Litigation ("Tennessee Order"). The Tennessee Order became final on or about March 21, 2008. A copy of the Tennessee Order is attached to this Reply as Exhibit A.

3. The Tennessee Order includes the following stipulation and finding:

> **Stipulation and Finding**
>
> VISTA is in default under the Deeds of Trust and the promissory notes referenced therein, which have a past due balance, exclusive of attorney fees and expenses, of $1,473,567.27 as of March 10, 2008 (the "Past Due Balance," with it and all other amounts due and coming due referred to as the "Indebtedness"). The Past Due Balance is comprised of $1,417,448.79 in principal owed, $49,474.70 in interest owed, $5,338.83 in late fees owed, and $1,304.95 in other fees owed, none of which are subject to offset, reduction, defense or counterclaim. This Court finds that the compromise memorialized herein is well-taken and accepts the same.

Exhibit A, page 1.

4. On March 12, 2008, despite entry of the Tennessee Order, defendants Vista and Brantley filed their Answer to the Complaint in this case, in which they asserted an affirmative defense of setoff and a counterclaim against TFC.

### FIRST AFFIRMATIVE DEFENSE

The Tennessee Order is an absolute bar to the defenses and counterclaim asserted by the defendants under the doctrines of *res judicata* and collateral estoppel.

### SECOND AFFIRMATIVE DEFENSE

The Tennessee Order reflects an agreement between TFC and Vista upon which TFC relied to its detriment, and the defenses and counterclaim asserted by the defendants are therefore barred under the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Tennessee Order reflects an agreement between TFC and Vista upon which TFC relied to its detriment, and the defenses and counterclaim asserted by the defendants are therefore barred under the doctrine of promissory estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The defenses and counterclaim asserted by the defendants are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' claim that they are entitled to a set-off against the amounts due from them to TFC fails for lack of mutuality of obligation.

### SIXTH AFFIRMATIVE DEFENSE

The counterclaim asserted by the defendants fails to state a claim upon which relief can be granted.

Wherefore, Textron Financial Corporation requests that judgment enter in its favor and against Vista International Development and Prince Bardo Brantley dismissing the

Counterclaim, and awarding TFC its costs and a reasonable attorneys fee.

**Textron Financial Corporation**
By its Attorneys,

/s/ John P. Gyorgy
John P. Gyorgy 3560
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com

April 1, 2008

## CERTIFICATION

I certify that on April 1, 2008, the foregoing document was filed with the Court electronically and is available for viewing and down-loading from the Court's ECF system. Service on the following counsel of record was made by sending a copy of the document by first class mail to:

Casby Harrison, Esq.
Harrison Law Associates
807 Broad Street, Suite 100
Providence, RI 02903

/s/ John P. Gyorgy