**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**TEXTRON FINANCIAL CORPORATION**

v.

**C.A. No.: 08 – 020ML**

**VISTA INTERNANTIONAL DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, THE JACKSON FOUR, A CALIFORNIA GENERAL PARTNERSHIP, PRINCE BARDO BRANTLEY; SANDRA BRANTLEY, FRANK RAMOGIDA; AND EDWARD POWELL**

# OBJECTION OF VISTA INTERNATIONAL DEVELOPMENT AND PRINCE BARDO BRANTLEY TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendants, Vista International Development ("Vista") and Prince Bardo Brantley ("Brantley") hereby Object to Plaintiff's Motion for Sanction as follows:

1. In January 2008 Textron Financial Corporation (Textron") filed two lawsuits against the six defendants referenced above. One of the law suits was filed in the State Court of Tennessee. The other was filed in the United States District Court for the District of Rhode Island.

2. The Tennessee suit sought to foreclose on and take possession of a housing development built by Defendants with approximately $1.4 million of financing Defendants had borrowed from Textron.

3. The Rhode Island suit sought money damages for Defendants' alleged breach of the construction loan financing agreements and promissory notes executed between the parties.

4. Vista's in-house counsel is Ernest Brooks, Esq. of Jackson Tennessee.

5. In January 2008 two of the six defendants, Vista and Brantley, retained Nathan Pride, Esq. to enter his appearance in the Tennessee case and oppose Textron's efforts to foreclose and take possession.

6. In late February/early March 2008, Defendants, Vista and Brantley retained Casby Harrison, Esq. to defend against Textron's Rhode Island lawsuit.

7. Defendants Vista and Brantley explained the factual background and travel of the case to attorney Harrison. The information conveyed justified the filing of an Answer to Textron's Complaint, as well as a Counterclaim against Textron and a Third Party Complaint against a supplier of materials to the housing development in question, All American Homes.

8. Defendants Vista and Brantley expressly requested that attorney Harrison file an Answer, a Counterclaim and a Third Party Complain, as set forth above.

9. Attorney Harrison viewed the Defendants explanation of the factual background and travel of the case to have been made by the Defendants in complete good faith. Accordingly, Harrison proceeded on March 12, 2008, to file the aforementioned responsive pleadings.

10. Within 48 hours before or after Harrison filed the responsive pleadings (Harrison cannot recall the precise date), Defendants Vista and Brantley informed Harrison that Nathan Pride had negotiated and entered into a Stipulation with Textron in the Tennessee case. *(The stipulation indicates it was entered on March 10, 2008.)* The Stipulation provided that Textron would forbear on its efforts to foreclose and allow Defendants 60 days to refinance their indebtedness. Harrison was not provided a copy of the Stipulation at that time and there was no discussion of any other aspect of the Stipulation beyond the fact that Defendants had received an additional 60 days to accomplish a workout.

11. On March 24, 2008, Textron's Rhode Island attorney, John Gyorgy provided Harrison with a copy of the Tennessee Stipulation and argued that the Stipulation constituted a Consent to Judgment by Defendants Vista and Brantley. Gyorgy. argued the Defendants had waived their right to assert defenses or counterclaims in the Tennessee Stipulation and therefore the Defendants could not assert defenses or counterclaims in the Rhode Island case. Harrison informed Defendants of Gyorgy's arguments. Defendants were shocked and stated that neither the Defendants nor their Tennessee attorney, Nathan Pride had intended the Stipulation to constitute a Consent to Judgment in Rhode Island or a waiver of their rights to file responsive pleadings in Rhode Island.

12. Harrison conveyed Defendants' reply to Gyorgy. Gyorgy proceeded to serve written notice that Textron would move the Rhode Island Court for Rule 11 Sanctions if Defendants did not withdraw their Answer and Dismiss their Counterclaim within 20 days of the date of his notice.

13. Harrison promptly forwarded Gyorgy's written notice to the Defendants. On July 10, 2008, shortly before the date scheduled for the Rule 16 Conference of this case, the Defendants authorized Harrison to inform Gyorgy they would withdraw their Answer and Dismiss their Counterclaim. Harrison did so inform Gyorgy along with your Honor's clerk, Barbara. The Rule 11 Conference was consequently canceled.

14. Gyorgy prepared a Stipulation for Defendants to sign acknowledging the Rhode Island Answer would be withdrawn and the Counterclaim dismissed with prejudice.

15. Defendants initially authorized Harrison to execute the Stipulation and Harrison so informed Gyorgy via phone message. Within one hour of giving Harrison the aforesaid authorization, Defendants left a subsequent phone message withdrawing the authorization and requesting that Harrison confer with Defendants' new attorney, Verner T. Smith of Jackson, Tennessee. The following day Harrison notified Gyorgy of Defendants' new attorney and that Defendants had withdrawn the authority for Harrison to execute the Rhode Island Stipulation

**ARGUMENT**

16. No sanctions should be imposed against attorney Harrison because at all times Harrison acted in complete good faith and never made any misrepresentations to the Defendants, Gyorgy or this Honorable Court.

18. The decision whether or not to comply with Textron's request for Defendants to Consent to Judgment in Rhode Island was the Defendants sole decision to make.

19. Harrison provided Defendants with valuable legal analysis and critical insights regarding the validity of the responsive pleadings filed in the Rhode Island case. The Defendants decided whether or not they agreed or disagreed with the arguments set forth in Textron's Memorandum in Support of Rule 11 Sanctions, not Harrison.

20. Ultimately the Defendants maintained they never had any intent for the Tennessee Stipulation to constitute a Consent to Judgment in Rhode Island. Accordingly Defendants ultimately declined to execute the Stipulation prepared by Gyorgy.

21. Defendants ultimate decision was consistent with its first impression, that if Defendants had intended to Consent to Judgment in Tennessee, the Stipulation would have been appropriately entitled as *"Stipulation for Defendants to Consent to Judgment"*, rather than as actually captioned, *"Agreed Possessory Order"*. Defendants maintained that the portion of the Order relied upon by Textron was merely part of the recitals rather than any substantive part of the Stipulation. In other words, it was dicta, not a Confession of Judgment. It simply meant that when Defendants entered into the Tennessee Stipulation there was no Counterclaim contemplated in the Tennessee case, which case was an action to take possession of real property.

22. Defendants current position is that they would like to seek leave from your Honor to Amend their Answer to admit the existence of a default, but deny the dollar amount owed that is set forth in Plaintiff's Complaint. Defendants will agree to dismiss their Counterclaim against Textron with prejudice and will dismiss their Third Party Complaint without prejudice and refile their action against All American Homes in the State of Tennessee.

23. Harrison repeats his arguments as set forth in paragraph 16 herein.

WHEREFORE, for the reasons set forth above Defendants Vista and Brantley, and attorney Harrison respectfully request that Textron's Motion for Sanctions be denied and the case be placed back on the Court's contested calendar.

Defendants, Vista International Development
And Prince Bardo Brantley
By their Attorney,

Casby Harrison, III, R.I. Bar No. 3054
HARRISON LAW ASSOCIATES
807 Broad Street, Suite 100
Providence, RI 02907
Tel: (401) 467-20
Fax: (401) 467-2001
casby@casbyharrison.com

I hereby certify that I sent a copy of Defendants' Objection to Plaintiff's Motion for Sanctions to Plaintiff's counsel, John P. Gyorgy, Noel & Gyorgy, LLP., 50 South Main Street, Providence, RI 02903 on Friday August 1, 2008 via email and regular mail.

Casby Harrison, III